EMANUEL BERGER, RESPONDENT, v. VINCENT W. ROSPOND, APPELLANT.

Submitted May 29, 1931—Decided February 1, 1932.

For the appellant, *J. Thaddeus Rospond*.

For the respondent, *Elias A. Kanter*.

The opinion of the court was delivered by

PARKER, J.  Summary judgment was entered pursuant to rule 80 of the Supreme Court, over answer, as against the defendant, Vincent W. Rospond, on a promissory note for $1,500, bearing his endorsement and claimed to be held by the plaintiff.  Defendant submitted an affidavit, the general purport of which is that he was fraudulently induced to put his name on the back of the note, without seeing its face, under the representation that it was a check on account of money due his firm, and which money he received as payment of that debt to that amount.  The court below regarded the affidavit as failing to show facts sufficient to entitle the appellant to defend.  Our conclusion is that there was error in this finding.

Questions of genuineness of signature, presentment and notice of protest, suggested in the answer, were not argued on the motion for judgment, so far as appears, and the real questions relate to fraud and holding in due course.

The note is regular enough upon its face.  It is dated August 9th, 1928, at two months, payable at Liberty Trust Company to the order of V. W. Rospond & Company and signed "Mapes Construction Co., Louis Kroll, pres., Louis Kotler, sec."  The names endorsed are, in the following order, Louis Kross (Kroll?), Louis Kotler, V. W. Rospond & Co., Vincent W. Rospond, pres., and Vincent W. Rospond.  This last appears to be the only defendant.

The first separate defense of the answer, which is fully supported by the affidavit, sets up that at the date of the note the Mapes Construction Company owed V. D. Rospond & Company over $4,500 on the heating installation in a building, and that Rospond & Company refused to go on

unless $1,500 were paid in cash and the balance secured; that plaintiff and one Decker were interested in having the building completed and had advanced money and materials for that purpose; and that Decker offered to pay Rospond & Company the $1,500 demanded by that firm; that defendant and Decker repaired to Decker's bank—not the Liberty Trust Company but another bank—Decker being present to identify defendant so that he could get the money on the check Decker was to give him; that when they arrived at the bank, Decker laid a paper face down before defendant and that the latter signed, believing it to be a check as represented; that it was handed to the teller, defendant received his $1,500 and thought no more about it. The answer specifically denies that defendant ever had anything to do with plaintiff or that he ever negotiated a note to plaintiff directly or indirectly; that Decker is president of the Decker Building Material Company, and that Berger, the plaintiff, is an employe of Decker.

It will have been observed that according to the defendant, all his transactions were with Decker; and this is not even denied. There is no affidavit by Decker, and the plaintiff's affidavit makes no mention of Decker or of his company. The affidavit is significant for what it does not say. For example, it says the signature of defendant on the note is "exactly like another signature of Vincent W. Rospond appearing upon the check resulting in his getting the $1,500 above mentioned." But this is the only mention of that alleged check. Whose check it was, and to whose order, where cashed, are details which do not appear. There is no copy of it. Plaintiff's affidavit avers that Mapes Construction Company asked him to advance $1,500 for Rospond & Company, and that he refused unless he could get the note of the Mapes Construction Company and its officers and the endorsement of Rospond & Company and the defendant. Then, it states (1) the "note was made out" as its face shows; (2) subsequently "it was *brought*" to him with the endorsements (the affidavit does not say by whom or that he then took it into

possession; both these allegations are phrased in the passive voice); (3) "thereupon I advanced the $1,500" (the affidavit does not say how or to whom); (4) and on August 10th, 1928, Rospond, defendant, "obtained the money at the National Newark and Essex Banking Company."

The more carefully this affidavit is read, the stronger becomes the impression that material and important facts have been purposely suppressed. It is clear on the very face of plaintiff's affidavit that there was an intermediary between plaintiff and defendant. Plaintiff does not intimate that that intermediary was agent for the defendant, or was an independent third party, or who or what he was. Hence, the case is quite open to the assumption that the intermediary was an agent of plaintiff. If so, any presumption of holder in due course that might arise from the fact of a note endorsed by defendant being in the hands of plaintiff, vanishes into thin air when defendant's story of the fraudulent procurement of his endorsement is read; and the case is not helped by the fact that suit was begun over two years after the "note" fell due.

As we view the case, it presents plain questions of fact for a jury to consider after oral examination, and particularly cross-examination of witnesses, and not for summary determination by the court.

The judgment will accordingly be reversed and the record remanded for a trial by jury.

*For affirmance*—CAMPBELL, DONGES, DEAR, WELLS, JJ. 4.

*For reversal*—TRENCHARD, PARKER, LLOYD, CASE, BODINE, DALY, VAN BUSKIRK, KAYS, HETFIELD, KERNEY, JJ. 10.